IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HYPERCORE SYSTEMS LLC,<br><br>                            Plaintiff<br><br>-against-<br><br>LG ELECTRONICS, INC. and<br>LG ELECTRONICS U.S.A., INC.,<br><br>                            Defendants | Civil Action No.: 2:25-cv-00382<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff HyperCore Systems LLC ("HyperCore" or "Plaintiff"), by way of this Complaint against Defendants LG Electronics, Inc. ("LG-Korea") and LG Electronics U.S.A., Inc. ("LG-USA") (collectively "LG" or "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff HyperCore Systems LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 6841 Virginia Parkway, Suite 103-441, McKinney, Texas 75071-5710.

2. On information and belief, Defendant LG-Korea is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at LG Twin Towers, 20 Yeouido-Dong, Yeongdeungpo-Gu, Seoul, South Korea, 150-721.

3. On information and belief, Defendant LG-USA is a wholly-owned subsidiary of LG-Korea, with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LG-USA has a regular and established place of business in the Eastern District of Texas at 2151-2155 Eagle Parkway, Fort Worth, Texas 76177 and 14901 N Beach St, Fort Worth, TX 76177.

LG-USA is registered to do business in the State of Texas and may be served with process at its registered agent for process at the United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by LG of claims of U.S. Patent No. 7,392,329 and U.S. Patent No. 7,464,280 (collectively "the Patents-in-Suit").

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. LG-Korea is subject to personal jurisdiction of this Court because, *inter alia*, on information and belief, (i) LG-Korea has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, selling, and/or importing the accused products into Texas; (ii) LG-Korea purposefully supplies and directs the accused products for storage, warehousing, and sales by distributors and resellers in the State of Texas; and (iii) LG-Korea delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas.  In addition, or in the alternative, this Court has personal jurisdiction over LG-Korea pursuant to Fed. R. Civ. P. 4(k)(2).

7. LG-USA is subject to personal jurisdiction of this Court because, *inter alia*, on information and belief, (i) LG-USA maintains a regular and established place of business in Texas in this Judicial District at 2151-2155 Eagle Parkway, Fort Worth, Texas 76177 and 14901 N Beach St, Fort Worth, TX 76177; (ii) LG-USA has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, selling, and/or importing the accused products into Texas; (iii) LG-USA purposefully supplies and directs the accused products for storage, warehousing, and sales by distributors and resellers in the State of

Texas; (iv) LG-USA delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas; (v) LG-USA derives substantial revenue from its activities in this District; and (vi) LG-USA has purposefully established substantial, systematic and continuous contacts with this District such that it should reasonably expect to be haled into court in this District. For example, LG-USA has registered with the Texas Secretary of State Office to do business in the State of Texas and has appointed a registered agent for service of process in the State of Texas.

8. Venue is proper as to LG-Korea in this District under 28 U.S.C. § 1391(c) because, *inter alia*, LG-Korea is a foreign corporation.

9. Venue is proper as to LG-USA in this District under 28 U.S.C. § 1400(b) because, *inter alia*, on information and belief, LG-USA has a regular and established place of business in this Judicial District at 2151-2155 Eagle Parkway, Fort Worth, Texas 76177 and 14901 N Beach St, Fort Worth, TX 76177, and has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District.

10. LG has infringed and continues to infringe the Patents-in-Suit by making, using, selling, or offering for sale in the United States, or importing into the United States televisions, laptops, and products with efficient processing claimed in the Patents-in-Suit.

### PATENTS-IN-SUIT

### U.S. PATENT NO. 7,392,329

11. On June 24, 2008, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,392,329 ("the '329 Patent"), entitled "System and method for applying an action initiated for a portion of a plurality of devices to all of the plurality of devices." A true and correct copy of the '329 Patent is attached as Exhibit A.

12. Plaintiff is the owner of all rights, title, and interest in and to the '329 Patent, with the full and exclusive right to bring suit to enforce the '329 Patent, including the right to recover for past infringement.

13. The '329 Patent is valid and enforceable under United States Patent Laws.

14. The '329 Patent recognizes that multi-device modules provided many improvements over devices implemented as discrete, individual components (Exhibit A, Col. 1:12-28). The inventors of the '329 Patent understood that it was more desirable "to have an action applied to all of a plurality of devices implemented on a system if the action is initiated for any portion of the plurality of devices." (*Id*., Col. 2:42-44). The invention enables many embodiments that allow for such an architecture (*id*., Col. 4:4-16:21). As one non-limiting example, the '329 Patent explains that "an initiator (e.g., the OS, system firmware, or a user) [] initiates an action for one device of a module and have such action automatically applied to multiple (e.g., all) devices of the module without requiring that the initiator even be aware of the grouping of devices within a common module" (*id*., Col. 3:34-39). Such methods were not realized in prior art systems.

### U.S. Patent No. 7,464,280

15. On December 9, 2008, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,464,280 ("the '280 Patent"), entitled "Power module for a plurality of processors." A true and correct copy of the '280 Patent is attached as Exhibit B.

16. Plaintiff is the owner of all rights, title, and interest in and to the '280 Patent, with the full and exclusive right to bring suit to enforce the '280 Patent, including the right to recover for past infringement.

17. The '280 Patent is valid and enforceable under United States Patent Laws.

18. The '280 Patent describes the fact that regulating power to multiple processors is

costly and difficult. The '280 Patent teaches many improvements over the prior art, specifically a device that allows for more efficient, effective power regulation to many processors while taking advantage of limited space on the PCB. As one non-limiting example, "the multi-processor module 104 is configured to handle the dynamic power needs of both processors 106 and 108." (Exhibit B, Col. 2:26-54). The '280 patent includes various other embodiments that allow for better power management of the multi-processor system. (*Id*., Col. 3:30-9:3)

## COUNT I: INFRINGEMENT OF THE '329 PATENT BY LG

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. On information and belief, LG has infringed and is infringing the '329 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States at least the LG OLED G4, LG OLED C4, and LG OLED B4 televisions, among other substantially similar products (collectively, the "'329 Accused Products").

21. As just one non-limiting example, set forth in Exhibit C is an exemplary claim chart evidencing Defendant's infringement of claim 14 of the '329 Patent in connection with the '329 Accused Products (*e.g.,* the LG OLED TVs). This description is based on publicly available information. HyperCore reserves the right to modify this description, including, for example, on the basis of information about the '329 Accused Products that it obtains during discovery.

22. On information and belief, LG has induced infringement of the '329 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the Accused Products and incorporated technology, specifications, instructions, manuals, advertisements, marketing

materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.

23.     On information and belief, LG has committed the foregoing infringing activities without a license.

## COUNT II: INFRINGEMENT OF THE '280 PATENT BY LG

24.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

25.     On information and belief, LG has infringed and is infringing the '280 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States at least the LG Gram Book 15U50T-G.ARS2U1 laptop, and LG OLED G4, LG OLED C4, and LG OLED B4 televisions, among other substantially similar products (collectively, the "'280 Accused Products").

26.     As just two non-limiting examples, set forth in Exhibits D and E are exemplary claim charts evidencing Defendant's infringement of claim 10 of the '280 Patent in connection with the '280 Accused Products (*e.g.,* the LG OLED G4 TV and LG Gram Book 15U50T). These descriptions are based on publicly available information. HyperCore reserves the right to modify these descriptions, including, for example, on the basis of information about the '280 Accused Products that it obtains during discovery.

27.     On information and belief, LG  has induced infringement of the '280 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated technology, specifications, instructions, manuals, advertisements, marketing

materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.

28.     On information and belief, LG has committed the foregoing infringing activities without a license.

## PRAYER FOR RELIEF

WHEREFORE, HyperCore prays for judgment in its favor against LG for the following relief:

A. Entry of judgment in favor of HyperCore against LG on all counts;

B. Entry of judgment that LG has infringed the Patents-in-Suit;

C. Entry of judgment that LG's infringement of the Patents-in-Suit has been willful;

D. An order permanently enjoining LG from infringing the Patents-in-Suit;

E. Award of compensatory damages adequate to compensate HyperCore for LG's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F. Award of reasonable attorneys' fees and expenses against LG pursuant to 35 U.S.C. § 285;

G. HyperCore's costs;

H. Pre-judgment and post-judgment interest on HyperCore's award; and

I. All such other and further relief as the Court deems just or equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Fed. R. Civ. P., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated:  April 10, 2025

Respectfully submitted,

*/s/ Cecil E. Key*
Cecil E. Key
Jay P. Kesan
KEY KESAN DALLMANN PLLC
1050 Connecticut Ave., Suite 500
Washington, D.C. 20036
Phone: (202) 772-1100
Email: cecil.key@kkd-law.com
         jay.kesan@kkd-law.com

*Attorneys for Plaintiff*
*HyperCore Systems LLC*